IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. **PETCO PETROLEUM CORPORATION**, an Indiana Corporation<br><br>*Plaintiff,*<br><br>v.<br><br>1. **DAVID WEST**, an individual;<br>2. **U.S. OIL RECLAIMERS, LLC**, an Oklahoma Limited Liability Company,<br>3. **FLASH ELECTRIC SERVICES LLC**, an Oklahoma Limited Liability Company,<br><br>*Defendants.* | Case No. 19-cv-00439-CVE-FHM<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Petco Petroleum Corporation ("Petco" or "Plaintiff") states and alleges the following in support of its claims against Defendant David West ("West"), Defendant U.S. Oil Reclaimers, LLC. ("U.S. Oil"), and Defendant Flash Electric Services LLC ("Flash Electric") (collectively the "Defendants"):

## PARTIES

1. Petco Petroleum Corporation is an Indiana corporation with its principal place of business in Hinsdale, Illinois.

2. David West an individual and former employee of Petco who currently resides in Oklahoma.

3. U.S. Oil Reclaimers, LLC, is an Oklahoma limited liability company. On information and belief, its principle place of business is in Drumright, Oklahoma. U.S. Oil may be served through its registered agent, R. Steve Crowder, 1260A E Broadway, Drumright, Oklahoma 74030, or by any other method authorized by law.

4126535.2:711130:02331

4. Flash Electric Services LLC, is an Oklahoma limited liability company. On information and belief, its principle place of business is in Drumright, Oklahoma. Flash Electric may be served through its registered agent, David West, 113 Haven Hill Dr., Drumright, Oklahoma 74030, or by any other method authorized by law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

6. David West an individual who currently resides in Oklahoma and is subject to the personal jurisdiction of this Court

7. On information and belief, U.S. Oil is an Oklahoma limited liability company whose members all reside within the state of Oklahoma. As such it is deemed a citizen of Oklahoma and is subject to the personal jurisdiction of this Court.

8. On information and belief, Flash Electric is an Oklahoma limited liability company whose members all reside within the state of Oklahoma. As such it is deemed a citizen of Oklahoma and is subject to the personal jurisdiction of this Court.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and the contractual breaches and resulting damage to Petco took place in this District.

## FACTUAL ALLEGATIONS

10. Petco is an independent oil and natural gas producer that employs over 200 individuals, and operates more than 1200 producing wells and facilities in Mississippi, Illinois, Indiana, Oklahoma and Texas. Petco's Oklahoma office is located in Drumright, and its oil and gas operations are primarily located in Creek County, Oklahoma.

3

11. U.S. Oil is an entity that purchases and/or disposes reclaimed oil and mineral production byproducts.

12. Flash Electric is allegedly an electrical repair and service provider.

13. David West is the former field supervisor of Petco's Drumright location, and worked in that position since the early 2000s. As a part of his duties, West oversaw the daily production of oil from wells operated by Petco and repaired and maintained equipment associated with wells operated by Petco to allow for the continuous production of oil. West obtained parts and equipment from third party vendors to maintain and repair said equipment. On a monthly basis, the vendors mailed the invoices for parts and services to West who reviewed those invoices for accuracy. If the equipment and services listed on the invoice were accurate and had been delivered to Petco, West would "approve" the invoice for payment. West would then mail the reviewed and approved invoices to Petco's corporate offices on the 15th of every month for processing and payment to the vendors.

14. In February 2017, Petco suspected that David West was engaging in potential fraud, theft, and embezzlement of assets operated by Petco.

15. Accordingly, Petco terminated West on February 21, 2017.

16. After terminating West, Petco undertook a lengthy and extensive investigation of West's dealings to uncover the scope of his malfeasance with assets operated by Petco. This investigation later revealed significant wrongdoing by the Defendants.

UNPAID OIL DELIVERIES

17. The investigation uncovered that between March 28, 2014 and February 13, 2017, West arranged for forty-six shipments of oil from wells operated by Petco to U.S. Oil (the "Shipments").

18. The quantity of the Shipments amounted to 4,728.5 barrels of crude oil for a total value, calculated at the time of each shipment, of $266,802.13.

19. Until Petco undertook its investigation into West, it was without notice of these Shipments.

20. For each of these forty-six Shipments, an independent trucking company would haul crude oil from the wells operated by Petco to U.S. Oil, and submit an invoice to West for the transportation costs. West would review and approve the invoices for payment by Petco.

21. Petco conducted a review of original invoices obtained from the third-party trucking companies, comparing them with the invoices West approved and submitted for payment. The review found that, on information and belief, West manipulated the invoices to falsely show that the company hauled water for disposal—not oil for sale—to U.S. Oil.

22. Although the delivery tickets clearly indicate wells operated by Petco were the source of the Shipments, U.S. Oil never paid Petco for the Shipments it received and accepted.

### GHOST VENDOR – FLASH ELECTRIC

23. Petco further identified false invoices submitted by Flash Electric.

24. Between September 25, 2015 and December 12, 2016, Flash Electric submitted 109 invoices for payment to Petco (the "Electric Invoices") for electric services rendered on wells operated by Petco.

25. West approved the Electric Invoices for payment by Petco.

26. Petco issued 15 checks to Flash Electric for a total of $129,038.20, which amounted to payment of the full balance of the Electric Invoices.

27. After West's termination, Petco's investigation revealed that West was and is the owner and registered agent for Flash Electric.

28. Based on witness interviews, Petco determined that a third-party electric company had conducted all electric work on wells operated by Petco.

29. On information and belief, Flash Electric did not provide any of the work billed in the Electric Invoices.

30. Moreover, Petco discovered that West himself had endorsed for deposit three of the checks Petco sent to Flash Electric for payment. Specifically, West endorsed checks issued on 10/23/2015, 11/23/2015, and 12/25/2015.

### COUNT 1: FRAUD
### (WEST AND FLASH ELECTRIC)

31. Plaintiff incorporates the preceding allegations as if fully set forth herein.

32. West, in approving the invoices from Flash Electric he knew to be false, made numerous material misrepresentations.

33. The invoice approvals by West were positive assertions he knew to be false.

34. West intended that Petco act upon his invoice approvals by paying the invoiced balances.

35. Petco relied upon West's false invoice approvals by paying the amounts invoiced, to its detriment.

36. Flash Electric made numerous material misrepresentations by issuing invoices to Petco for electrical services it never conducted.

37. Flash Electric knew these assertions were false.

38. Flash Electric intended that Petco act upon the false invoices by paying the invoiced balances.

39. Petco relied upon Flash Electric's false invoices by paying the amounts invoiced, to its detriment.

40. As a direct result of West's and Flash Electric's fraudulent acts, Petco was harmed in an amount to be determined, but believed to be in excess of $161,038.20.

## COUNT 2: BREACH OF EMPLOYMENT CONTRACT
## (WEST)

41. Plaintiff incorporates the preceding allegations as if fully set forth herein.

42. West and Petco had an at-will employment contract for West to render services to Petco.

43. Implied in every contract is a duty of good faith and fair dealing.

44. West breached this contract by engaging in self-dealing, falsifying invoices, and approving invoices for payment he knew to be false, among other things.

45. As a direct result of this breach, Petco was harmed in an amount to be determined, but believed to be in excess of $427,840.33

## COUNT 3: BREACH OF FIDUCIARY DUTY
## (WEST)

46. Plaintiff incorporates the preceding allegations as if fully set forth herein.

47. A fiduciary relationship existed between David West and Petco that created fiduciary duties that West owed to Petco.

48. West breached the fiduciary duties to Petco by engaging in self-dealing, falsifying invoices, and approving invoices for payment he knew to be false, among other things.

49. West's breaches of the fiduciary duties owed to Petco were the direct cause of damages to Petco.

50. To remedy these breaches, Petco seeks money damages in an amount to be determined but believed to be in excess of $427,840.33, as well as disgorgement of any profits wrongfully obtained by West's breaches.

## COUNT 4: BREACH OF CONTRACT FOR THE SALE OF GOODS
## (U.S. OIL)

51. Plaintiff incorporates the preceding allegations as if fully set forth herein.

52. At least 46 contracts existed for the sale of goods, specifically sweet crude oil, between Petco, as seller, and U.S. Oil, as buyer.

53. Petco delivered and U.S. Oil received and accepted the 46 Shipments of crude oil.

54. Petco has fully performed under these numerous contracts.

55. U.S. Oil has breached these contracts by failing to pay for any of the 46 Shipments.

56. To remedy this breach, Petco seeks money damages in an amount to be determined but believed to be in excess of $266,802.13.

## RELIEF SOUGHT

WHEREFORE, premises considered, Plaintiff prays that it recover from Defendants: damages in an amount to be determined, but believed to be in excess of $427,840.33; disgorgement of profits obtained by West's breach of fiduciary duties owed to Petco; reasonable attorneys' fees, costs and expenses of this action; pre-judgment and post-judgment interest at the highest rates allowed by law; and such other relief to which Plaintiff may be entitled.

**JURY TRIAL DEMANDED**

4126535.2:711130:02331

Dated: August 8, 2019	Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

By:	/s/ Aaron C. Tifft
J. Kevin Hayes, OBA #4003
Aaron C. Tifft, OBA #33288
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone:  (918) 594-0400
Facsimile:  (918) 594-0505
Email:  KHayes@HallEstill.com
ATifft@hallestill.com

**ATTORNEYS FOR PLAINTIFF,
PETCO PETROLEUM CORPORATION**

8