IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

PETCO PETROLEUM CORPORATION,
an Indiana corporation,

    Plaintiff,

v.

DAVID WEST,
U.S. OIL RECLAIMERS, LLC, an
Oklahoma limited liability company,
and FLASH ELECTRIC SERVICES LLC,
an Oklahoma limited liability company,

    Defendants.

Case No. 4:19-CV-00439-GKF-CDL

**OPINION AND ORDER**

Before the court is the Motion for Leave to File First Amended Complaint [Doc. 55] of plaintiff Petco Petroleum Corporation. For the reasons set forth below, the court grants the motion.

**I. Background and Procedural History**

On August 8, 2019, Petco initiated this lawsuit. [Doc. 1]. The Complaint includes the following allegations: David West, the former field supervisor of Petco's Drumright, Oklahoma location, arranged for an independent trucking company to haul forty-six shipments of oil from Petco's wells to U.S. Oil Reclaimers, LLC. However, West manipulated invoices to falsely show that the independent trucking company was shipping water for disposal, rather than oil for sale. In addition, West approved 109 invoices submitted by Flash Electric Services LLC for electric services, for which Petco issued 15 checks to Flash Electric totaling $129,038.20. However, Flash Electric did not provide any of the work billed in the 109 invoices. In fact, West was and is the owner and registered agent for Flash Electric. The original Complaint includes four causes of action: (1) fraud against West and Flash Electric; (2) breach of employment contract against West;

(3) breach of fiduciary duty against West; and (4) breach of contract for the sale of goods against U.S. Oil.

On December 3, 2019 the court entered a Scheduling Order setting a January 17, 2020 deadline for motions for joinder of additional parties and/or amendment to the pleadings. [Doc. 40]. Trial was set for October 19, 2020. [*Id.*]. On joint motions of the parties, the court amended the Scheduling Order in both May and June 2020. [Doc. 51; Doc. 53]. Neither amended Scheduling Order extended the deadline for motions for joinder of additional parties and/or amendment to the pleadings.[1]

Now before the court is Petco's motion to file an amended complaint. In support of its motion, Petco avers that "[t]hrough the discovery process in this case, Petco has uncovered a significant and long-running fraudulent scheme on the part of the Defendants, and additional Defendants it seeks to add." [Doc. 55, p. 1]. The additional defendants Petco seeks to add are R. Steve Crowder, Phillip L. Osterhout, and Kenneth Hinshaw; Crowder and Osterhout are allegedly owners of U.S. Oil and Hinshaw is allegedly a current employee of U.S. Oil. [Doc. 55-1, p. 5 ¶¶ 19–20]. Petco alleges that it has "uncovered that West's fraud was assisted and furthered by U.S. Oil, Crowder, Osterhout, and Hinshaw." Based on these new factual allegations, Petco seeks to assert additional claims for fraud, civil conspiracy, violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), and conspiracy to violate RICO against U.S. Oil and the additional proposed defendants. [*Id.* p. 8 ¶ 43]. U.S. Oil objects to the motion. [Doc. 63].

---

[1] On October 27, 2020, defendants West and Flash Electric moved the court to stay these proceedings pending final resolution of *United States v. David Owen West*, United States District Court for the Northern District of Oklahoma, Case No. 20-CR-189-CVE. [Doc. 59]. West and Flash Electric informed the court that West has been indicted with thirty (30) felony counts based upon the same events at issue in this civil case. [*Id.* p. 2 ¶ 2]. The court granted the motion. [Doc. 61]. U.S. Oil is not included in the stay.

## II. Legal Standard

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

Federal Rule of Civil Procedure 16(b)(4) requires "a good cause showing" to modify a scheduling order. *Id.* "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Id.* (internal quotations marks and alteration omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* (citing *Pumpco*, 204 F.R.D. at 668–69). "If the plaintiff knew of the underlying conduct but simply failed to raise [its] claims, however, the claims are barred." *Id.* (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[2] Upon request, "the court should freely give leave when justice so requires." *Id.* The purpose of this rule is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (internal quotation marks omitted). However, denial of leave to amend is appropriate in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

---

[2] Rule 15(a)(1), which allows amendments as a matter of course, does not apply in this situation. *See* Fed. R. Civ. P. 15(a)(1).

of the amendment, [or] futility of amendment." *Foman v. Davis*, 83 S.Ct. 227, 230 (1962). "'[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Minter*, 451 F.3d at 1204 (alteration in original) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 91 S.Ct. 795, 802 (1971)).

### III. Analysis

U.S. Oil has three objections to the motion: (1) the amendment is futile because the statute of limitations for the proposed additional claims has already run; (2) the motion is untimely because Petco waited two months to file the motion; and (3) U.S. Oil will be prejudiced if the motion is granted. Each objection is considered in turn.

### A. Futility due to the Statute of Limitations

First, U.S. Oil argues that the motion should be denied because Petco's offered amendment would be futile. "An amendment is futile if the 'complaint, as amended, would be subject to dismissal.'" *Steadfast Ins. Co. v. Agric. Ins. Co.*, No. 05-CV-126-GKF-TLW, 2014 WL 1901175, at *6 (N.D. Okla. May 13, 2014) (quoting *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992)). "When futility of amendment is at issue . . . a court may deny a motion for leave to amend if the proposed amendment would not withstand a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)] or if it fails to state a claim upon which relief may be granted." *Fed. Ins. Co. v. Estate of Catcher*, No. 09-CV-41-TCK-FHM, 2011 WL 673992, at *4 (N.D. Okla. Feb. 17, 2011) (internal quotation marks omitted). The Rule 12(b)(6) standard requires the court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff" to determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at

4

*Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).

U.S. Oil argues that the "amendment to add claims for fraud, conversion, and civil conspiracy [is] futile because the applicable statute of limitations, 12 O.S. § 95(A)(3), has expired . . . ." [Doc. 63, p. 5]. Section 95 of Title 12 of the Oklahoma statutes states the accrual date for fraud: "[A]n action for relief on the ground of fraud" is limited to two years, but "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." 12 O.S. § 95(A)(3).[3] "A party discovers fraud when he or she ascertains each element of the claim." *Horton v. Hamilton*, 345 P.3d 357, 363 (Okla. 2015).

Neither party disputes that the two-year statute of limitations applies. Rather, the parties disagree about when Petco "discovered" the fraud and, therefore, when the two-year clock started. U.S. Oil argues that the two-year statute of limitations accrued in February 2017 when Petco "suspected that David West was engaging in potential fraud, theft, and embezzlement." [Doc. 63, pp. 5–7 (quoting Doc. 1, p. 3 ¶ 14)]. That date would make an amendment with the proposed fraud claims untimely.

Comparatively, Petco argues that the two-year statute of limitations accrued in August 2020. [Doc. 65, p. 5]. Until that point, Petco believed that U.S. Oil was an "unwitting tool used by West to convert Petco oil . . . ." [*Id.* p. 4]. However, in August 2020, upon follow-up requests for copies of "load tickets"—documents from the independent trucking company that U.S. Oil is

---

[3] "Because this is a diversity case, substantive issues are controlled by state law and procedural issues are controlled by federal law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). A federal court sitting in diversity applies state law for statute of limitations purposes. *Guar. Tr. Co. v. York*, 326 U.S. 99, 109–110 (1945). Moreover, state law determines when an action is commenced for statute of limitations purposes. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980)." *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005).

"legally required to accept and retain" that detail the source of the delivered oil—U.S. Oil "revealed [that] they possessed none," and provided an "unlikely explanation" for why they did not. [*Id.* pp. 4–5]. Based on U.S. Oil's "suspicious answer," Petco "interviewed the independent truck drivers who hauled the oil at issue" between August 14 and August 18, 2020. [*Id.* p. 2]. These interviews revealed that the truck drivers would "testify that U.S. Oil, through its employees, refused to accept the load tickets[ and] did not have the drivers sign documentation attesting to the origin and delivery of the oil," thus demonstrating "that U.S. Oil was knowingly accepting oil owned by Petco and refusing to accept or create any documentation to show the true source and ownership of the oil—in derogation of [U.S. Oil's] legal duty to do so." [*Id.* p. 3]. Petco argues that it was only at this point that it could sustain fraud claims.

"The question of when fraud is discovered or should have been unearthed with the exercise of ordinary diligence is one of fact[,] dependent on the surrounding circumstances, the relationship of the parties, and all other elements peculiar to the cause." *Smith v. Baptist Found. of Oklahoma*, 50 P.3d 1132, 1138 (Okla. 2002); *see also McNeal v. Steinberger*, 135 P.2d 490, 491 (Okla. 1943) (same). At this stage, assuming all well-pleaded facts in the proposed amended complaint to be true and viewing those facts in the light most favorable to Petco, the court cannot determine that Petco discovered the fraud in February 2017 (or should have discovered it then through ordinary diligence) as U.S. Oil argues because Petco has alleged a plausible explanation for why it did not discover the fraud until August 2020. Petco has alleged that until U.S. Oil stated that it did not have any load tickets, it had no reason to suspect that U.S. Oil and the additional proposed defendants were a part of the fraudulent scheme. Petco alleges it only had the requisite information to file this motion in August 2020 after U.S. Oil denied possessing any load tickets and Petco interviewed the truck drivers. Therefore, the amendment is not futile due to the statute of

limitations. *See Estate of Catcher*, 2011 WL 673992, at *8 (rejecting the argument that an amendment was futile due to a two-year statute of limitations because, when taking the well-pleaded factual allegations in the amended counterclaim as true and viewing them in the light most favorable to the moving party, the moving party had plausibly alleged that the accrual date was within the two-year period, even though the non-moving party argued that an earlier letter the moving party received should have been the accrual date); *see also NMP Corp. v. Parametric Tech. Corp.*, 958 F. Supp. 1536, 1544 (N.D. Okla. 1997) ("The Court finds that a genuine issue of material fact exists as to when the alleged fraud should have been discovered; therefore summary judgment will not be granted as to NMP's fraud claim on the ground that it is time barred.").

### B. Undue Delay in Filing the Motion

Second, U.S. Oil challenges the motion to amend as being unduly delayed. It is well-established that undue delay alone may justify denying a motion to amend. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993); *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). To determine whether a delay is "undue," the Tenth Circuit has directed the court to "focus[] primarily on the reasons for the delay." *Minter*, 451 F.3d at 1206. "[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* (quoting *Frank*, 3 F.3d at 1365–66). "The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* at 1205 (internal quotation marks omitted).

U.S. Oil argues that the almost two-month delay between the alleged discovery of the new information in August 2020 and the filing of this motion on October 9, 2020 renders the motion

7

untimely. [Doc. 63, p. 15].[4] As support, U.S. Oil cites a case from this district wherein Magistrate Judge Wilson recommended, and Judge Eagan agreed, that a two-month delay between the discovery of new information and the filing of a motion to amend rendered the motion to amend untimely. *See Torres v. Cintas Corp.*, No. 08-CV-185-CVE-TLW, 2009 WL 3855733, at *4 (N.D. Okla. June 30, 2009), *report and recommendation adopted*, 672 F. Supp. 2d 1197 (N.D. Okla. 2009). However, the *Torres* case is factually distinguishable. For one, the parties in *Torres* had already been "granted an extension for amendment of the pleadings" and had been clearly instructed "that additional extensions would not be allowed." *Torres*, 2009 WL 3855733, at *3. Even more importantly, Judge Eagan found that the three new pieces of discovery information that the plaintiff claimed were necessary to a motion to amend were not actually required, and that the plaintiff could have filed her motion sooner. First, the plaintiff claimed that she needed to receive some "training materials" before she could file her motion; however, she received the training materials the day after she filed her motion to amend, demonstrating that these materials were not required. *See Torres*, 672 F. Supp. 2d at 1204 n.3. Second, the plaintiff alleged that she could not move to amend until after she had taken a deposition because the deposition testimony contained a contradiction about whether one defendant had an obligation to train employees at another defendant's plant, but Judge Eagan reviewed the deposition testimony and found that it did not actually support the contradiction that the plaintiff used as her explanation for the motion to amend.

---

[4] U.S. Oil assumes Petco's proffer that it discovered the fraud in August 2020 to be true only for the sake of its opposition to this motion. Initially, U.S. Oil argues that the various documents it turned over during the discovery process in February 2020 and April 2020 should have made Petco realize that it needed to file a motion to amend. [Doc. 63, pp. 9–15]. That would mean that Petco could have filed the pending motion many months earlier. However, as was explained *supra*, Petco has advanced an adequate explanation that it only discovered the information required to file its motion in August 2020, which the court is required to view as true at this stage under Rule 12(b)(6). [Doc. 65, pp. 2–5].

*Id.* at 1205 ("The Court has reviewed the deposition testimony cited by plaintiff and can find no contradiction."). Third, Judge Eagan found that the plaintiff had already learned the last piece of discovery information she relied on in her motion to amend as early as January 15, 2009, rather than in a February 24, 2009 deposition as she claimed, meaning that the motion could have been filed sooner. *Id.* at 1205. For all of these reasons, the plaintiff's motion in *Torres* was denied as unduly delayed.

In comparison, Petco provides an adequate explanation as to why it could not file a motion to amend until it discovered new information in August 2020. Until U.S. Oil told Petco that it did not have copies of the load tickets, Petco did not have a reason to interview the independent truck drivers, who ultimately provided the information that led Petco to file this motion. Additionally, although the Scheduling Order has been amended twice in this case—albeit without changing the date by which motions to amend can be brought—no admonition that further extensions will not be allowed has been given. Furthermore, as Petco is alleging fraud, it must satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) that Petco "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under the circumstances, it was not unreasonable for Petco to take additional time to sufficiently plead fraud. Given these facts, and keeping in mind Rule 15(a)'s lenient guidance that the court should "freely" grant leave "when justice so requires," the court finds that the two month period is not an undue delay. Fed. R. Civ. P. 15(a).

For these same reasons, Petco has demonstrated "good cause" in seeking to modify the Second Amended Scheduling Order under Rule 16(b)(4). Fed. R. Civ. P. 16(b)(4). Specifically, "Rule 16's good cause requirement may be satisfied . . . if a plaintiff learns new information through discovery . . . ." *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco*, 204 F.R.D. at 668–69). As

9

Petco has plausibly alleged that it learned new information through discovery after the deadline for motions to amend had passed, it has demonstrated "good cause" to modify the Second Amended Scheduling Order to allow for this motion.

### C. Undue Prejudice due to Motion

Finally, U.S. Oil cursorily states that granting this motion "would be unduly prejudicial," although it focuses its argument entirely on the untimeliness of the motion. [Doc. 55, p. 5; p. 8 ("When untimeliness is established, prejudice to the opposing party need not be shown.")]. This court has already explained why the motion is not untimely. It is also not unduly prejudicial.

"Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Here, defendants will have ample time and opportunity to prepare a defense. Although discovery has proceeded in this case, the written discovery that has already taken place is easily repeatable given the similarities of the current parties and the current claims, and the additional proposed parties and the additional proposed claims. The additional proposed defendants are allegedly employees and owners of U.S. Oil and the additional proposed claims largely mirror those already alleged against West. In fact, the closeness of the parties and claims itself supports granting the motion. *See Minter*, 451 F.3d at 1208 ("Most often, [unfair prejudice] occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."); *cf. Torres*, 672 F. Supp. 2d at 1206 (finding that granting the plaintiff's motion to amend would prejudice the defendants because the "claims in the original

complaint generally allege that [one of the defendants] sold a defective product or failed to maintain and service the product after installation" but the "proposed amended complaint alleges wholly new claims based on theories that go well beyond mere 'extension' or 'explanation' of plaintiff's product defect claims . . . ."). The court will also set another scheduling conference to produce a Third Amended Scheduling Order that ensures defendants have sufficient time to prepare their defense. As such, granting the motion would not be unduly prejudicial.

### IV. Conclusion

WHEREFORE, plaintiff Petco Petroleum Corporation's Motion for Leave to File First Amended Complaint [Doc. 55] is granted. Plaintiff shall file its First Amended Complaint by December 30, 2020.

IT IS FURTHER ORDERED that a telephonic scheduling conference is set for January 4, 2021 at 9:30 A.M. Plaintiff's counsel is directed to set up the conference and notify the court and all parties of the conference call-in number and access information. If any party requests a court reporter be present for the conference, please notify courtroom deputy Karen Perkins by December 29, 2020. The parties are ordered to contact the Magistrate Judge assigned to this case to set a new settlement conference. [Doc. 62].

IT IS SO ORDERED this 22nd day of December, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE